IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROLAND GUTIERREZ; SARAH ECKHARDT; and the TEJANO DEMOCRATS,<br><br>*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS SUED IN HIS OFFICIAL CAPACITY; AND JOSE A. ESPARZA, DEPUTY SECRETARY OF STATE OF TEXAS OF TEXAS SUED IN HIS OFFICIAL CAPACITY,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § | Case No. 1:21-cv-00769-RP |

**DEFENDANTS' OPPOSED MOTION TO CONSOLIDATE**

## TABLE OF CONTENTS

Table of Contents................................................................................................................................ii

Index of Authorities..................................................................................**Error! Bookmark not defined.**

Introduction ........................................................................................................................................1

Background .........................................................................................................................................1

Argument.............................................................................................................................................2

    I.   The First-to-File-Rule Supports Consolidation in This Court...........................................2

    II.  Rule 42 Supports Consolidation in This Court .................................................................4

        A.    The Actions Were Filed in the Same Court....................................................5

        B.    The Actions Involve Substantially Similar Parties .........................................6

        C.    The Actions Involve Similar Issues ..................................................................6

        D.    There is Little Risk of Confusion is the Cases are Consolidated, But Great Risk of Prejudice from Inconsistent Adjudications if They are Not .......................................7

        E.    Consolidation Will Conserve Judicial Resources ...........................................8

        F.    The Actions are at an Early Stage of Development .......................................8

Conclusion.........................................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brown v. Fort Hood Fam. Hous. LP*,
    No. 5:20-CV-00704, 2020 WL 10758046 (W.D. Tex. Sept. 25, 2020) ............................................. 6

*Bryson v. Plaza Oaks BPRE Invs., Inc.*,
    No. 7:16-cv-029-DAE, 2016 WL 8856641 (W.D. Tex. Sept. 8, 2016) ............................................. 5

*Cadle Co. v. Whataburger of Alice, Inc.*,
    174 F.3d 599 (5th Cir. 1999) ........................................................................................................ 4

*Chapa v. Mitchell*,
    No. A:05-CV-769-N, 2005 WL 2978396 (W.D. Tex. Nov. 4, 2005) .............................................. 4

*Dryshod Int'l, LLC v. Haas Outdoors, Inc.*,
    No. 1:18-CV-596-RP, 2019 WL 5149860 (W.D. Tex. Jan. 18, 2019) (Pitman, J.) ................. 6, 8

*Dupont v. S. Pac. Co.*,
    366 F.2d 193 (5th Cir. 1966), *cert. denied*, 386 U.S. 958 (1967) ............................................ 5, 7

*Frazier v. Garrison Indep. Sch. Dist.*,
    980 F.2d 1514 (5th Cir. 1993) ................................................................................................... 5, 8

*Gentry v. Smith*,
    487 F.2d 571 (5th Cir. 1973) ........................................................................................................ 5

*Hart v. Donostia LLC*,
    290 F. Supp. 3d 627 (W.D. Tex. 2018) ........................................................................................ 3

*Holmes v. City of San Antonio Airport*,
    No. 5:21-cv-00267, 2021 WL 2878548 (W.D. Tex. Apr. 26, 2021) ............................................. 5

*Holmes v. City of San Antonio*,
    No. 5:21-cv-00274, 2021 WL 2878551 (W.D. Tex. Mar. 30, 2021) ............................................. 9

*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*,
    665 F.3d 671 (5th Cir. 2011) ........................................................................................................ 8

*Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*,
    No. 2:19-cv-00266-JRG, 2020 WL 6479562 (E.D. Tex. Sept. 30, 2020) ..................................... 4

*In re Jimmy John's Overtime Litig.*,
    877 F.3d 756 (7th Cir. 2017) ........................................................................................................ 3

*Jine v. OTA Corp.*,
   No. SACV 20-00769, 2020 WL 7129374 (C.D. Cal. Sept. 11, 2020) ................................... 7

*La Union Del Pueblo Entero v. Abbott*,
   No. 5:21-cv-0844-XR ........................................................................................................ 9

*Lay v. Spectrum Clubs, Inc.*,
   No. SA-12-CV-00754-DAE, 2013 WL 788080 (W.D. Tex. Mar. 1, 2013) ............................ 7, 8, 9

*LeGrand v. N.Y. Transit Auth.*,
   No. 95-cv-0333, 1999 WL 342286 (E.D.N.Y. May 26, 1999) ............................................ 7

*LULAC v. Abbott*,
   No. 3:21-cv-00259 (W.D. Tex. Oct. 18, 2021) (Ex. A) ............................................... 1, 9, 10

*Mann Mfg. Inc. v. Hortex, Inc.*,
   429 F.2d 403 (5th Cir. 1971) ................................................................................... 2, 3, 4, 5

*Mills v. Beech Aircraft Corp.*,
   886 F.2d 758 (5th Cir. 1989) ............................................................................................. 5

*Netlist, Inc. v. SK Hynix Inc.*,
   No. 6:20-CV-00194-ADA, 2021 WL 2954095 (W.D. Tex. Feb. 2, 2021) ........................... 3

*Parker v. Hyperdynamics Corp.*,
   126 F. Supp. 3d 830 (S.D. Tex. 2015) ............................................................................... 5

*Raymond v. Invest Props., LLC*,
   No. SA-20-CV-00965-FB, 2021 WL 725819 (W.D. Tex. Feb. 17, 2021) .......................... 6

*Samarto v. Keller Williams Realty, Inc.*,
   No. 1:21-cv-76-RP, 2021 WL 3596303 (W.D. Tex. Apr. 27, 2021) (Pitman, J.) ............... 6

*Santucci v. Pignatello*,
   188 F.2d 643 (D.C. Cir. 1951) .......................................................................................... 6

*Save Power Ltd. v. Syntek Fin. Corp.*,
   121 F.3d 947 (5th Cir. 1997) ......................................................................................... 2, 3

*Sirius Computer Sols., Inc. v. Sparks*,
   138 F. Supp. 3d 821 (W.D. Tex. 2015) ............................................................................. 4

*Sutter Corp. v. P&P Indus., Inc.*,
   125 F.3d 914 (5th Cir. 1997) ................................................................................... 2, 3, 4, 8

*In re Telebrands Corp.*,
   773 F. App'x 600 (Fed. Cir. 2016) .................................................................................... 3

*Texas v. United States*,
   No. 6:21-cv-00016, 2021 WL 3171958 (S.D. Tex. July 26, 2021) ....................................... 6

*TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*,
   91 F.3d 1 (1st Cir. 1996) .................................................................................................... 2

*W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*,
   751 F.2d 721 (5th Cir 1985) ............................................................................................... 2

*Wharton v. U.S. Dep't of Hous. & Urban Dev.*,
   No. 2:19-cv-300, 2020 WL 6749943 (S.D. Tex. Mar. 3, 2020) ........................................... 6

*Wion v. Dretke*,
   No. MO-05-cv-146, 2006 WL 8441507 (W.D. Tex. July 14, 2006) .................................... 5

*Yeti-Coolers, LLC v. Beavertail Prods., LLC*,
   No. 1:15-cv-415-RP, 2015 WL 4759297 (W.D. Tex. Aug. 12, 2015) (Pitman, J.) ............ 2, 7, 8

*Youngblood v. JTH Tax Servs., Inc.*,
   No. SA:06-CA-380-XR, 2006 WL 1984656 (W.D. Tex. July 17, 2006) .............................. 3

**Statutes**

28 U.S.C. § 2284 ........................................................................................................................ 2

**Other Authorities**

Federal Rule of Civil Procedure 42 ........................................................................................ 1, 2

Federal Rules of Civil Procedure Rule 42(a) .......................................................................... 4, 5

Mexican American Bar Association ......................................................................................... 9

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (5th ed. 2019) ............ 5

**INTRODUCTION**

Two days ago, a second redistricting case was filed in this district. The Court should consolidate it with this case to promote the efficient use of judicial and party resources and avoid inconsistent adjudications. Defendants respectfully request consolidation under the first-to-file rule and Federal Rule of Civil Procedure 42.

**BACKGROUND**

The League of United Latin American Citizens and other plaintiffs (the "LULAC Plaintiffs") filed a new redistricting case in the El Paso Division on Monday. *See* Complaint for Declaratory and Injunctive Relief, *LULAC v. Abbott*, No. 3:21-cv-00259 (W.D. Tex. Oct. 18, 2021) (Ex. A). That suit overlaps significantly with this one. The two redistricting cases involve similar or identical parties, issues to be decided, and relief sought. And both cases must be decided by a three-judge district court.

*Parties*: The LULAC Plaintiffs purport to represent the interests of minority voters, *see* Ex. A ¶¶ 11–20, just as the Tejano Democrats do in this suit, *see* ECF 1 ¶ 5. In both cases, the defendants are Governor Abbott and Deputy Secretary Esparza. *See* Ex. A ¶¶ 28–29; ECF 1 ¶¶ 6–7.

*Issues*: Like the complaint already before this Court, the new complaint challenges the lawfulness of the old maps based on the one-person-one-vote principle and the validity of the new maps. Ex. A ¶ 105 (alleging the old maps "are unconstitutionally malapportioned"); *id.* ¶ 110 (alleging the new House map "violates the one person, one vote principle"); ECF 1 ¶ 31 (alleging that "[t]he current statewide districting map for the State House and State Senate districts are malapportioned").

*Relief*: Both sets of plaintiffs seek similar relief. First, the LULAC Plaintiffs ask for "a declaratory judgment finding that [the old maps] are unconstitutionally malapportioned." Ex. A at 24. The plaintiffs in this case (the "Gutierrez Plaintiffs") seek a similar declaration. ECF 1 at 10. Second, the LULAC Plaintiffs also ask, if certain conditions are met, that the Court "order new redistricting plans." Ex. A at 25. Similarly, the Gutierrez Plaintiffs have moved this Court to consider "alternate

1

interim maps for use during the 2022 election cycle." ECF 10-2 at 2. Finally, both sets of plaintiffs seek costs, fees, and "further relief." Ex. A at 25; ECF 1 at 10.

*Court*: Both cases were filed in the Western District of Texas. *See* Ex. A; ECF 1. Both cases also require a three-judge district court under 28 U.S.C. § 2284, as both the LULAC Plaintiffs and the Gutierrez Plaintiffs acknowledge. Ex. A ¶ 113; ECF 1 ¶ 11.

### ARGUMENT

This Court should consolidate the LULAC Plaintiffs' case into this case. Both the first-to-file rule and Federal Rule of Civil Procedure 42 support consolidation here.

**I.     The First-to-File-Rule Supports Consolidation in This Court**

The Fifth Circuit's first-to-file rule applies when parties file multiple substantially similar lawsuits. *See Yeti-Coolers, LLC v. Beavertail Prods., LLC*, No. 1:15-cv-415-RP, 2015 WL 4759297, at *1–2 (W.D. Tex. Aug. 12, 2015) (Pitman, J.) (explaining the first-to-file rule). It is designed "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728–29 (5th Cir 1985)).

For the rule to apply, the lawsuits do not have to be "identical," but rather need only "overlap on the substantive issues." *See Mann Mfg. Inc. v. Hortex, Inc.*, 429 F.2d 403, 408 n.6 (5th Cir. 1971). And where "the overlap between two suits 'is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.'" *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 948 (5th Cir. 1997) (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)).

The first-to-file rule "not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be

dismissed, stayed or transferred and consolidated." *Sutter*, 125 F.3d at 917. Thus, the consolidation issue is properly before this Court, not the El Paso court.

As explained above, these two redistricting cases substantially overlap. They involve similar plaintiffs and identical defendants They both present standard redistricting issues, including whether the maps currently in effect are malapportioned. *See* Ex. A ¶ 105; ECF 1 ¶ 31. They ask for the same type of relief, including declaratory judgments and court-drawn maps. Ex. A at 24–25; ECF 1 at 10; ECF 10-2 at 2.

Because these "two cases are . . . very similar, efficiency concerns dictate that only one court decide both cases" *Netlist, Inc. v. SK Hynix Inc.*, No. 6:20-CV-00194-ADA, 2021 WL 2954095, at *2 (W.D. Tex. Feb. 2, 2021) (quoting *In re Telebrands Corp.*, 773 F. App'x 600, 602 (Fed. Cir. 2016)). True, these two redistricting cases are not literally identical, but consolidation "does not . . . require that cases be identical." *Save Power Ltd.,* 121 F.3d at 950. "The crucial inquiry is one of 'substantial overlap.'" *Id.* Defendants have met that standard here.

Perhaps most importantly, allowing these cases to proceed separately could result in two federal courts drawing two different sets of maps. That would impermissibly subject Defendants to inconsistent obligations. Consolidation is particularly appropriate where "a conflicting ruling could arise." *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 632 (W.D. Tex. 2018) (citing *In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 766 (7th Cir. 2017)). Only in that way can the first-to-file rule serve its purpose: to "avoid piecemeal resolution of issues that call for a uniform result." *Sutter*, 125 F.3d at 917.

To be sure, the first-to-file rule is subject to an exception in "compelling circumstances," but that exception does not apply here. *Youngblood v. JTH Tax Servs., Inc.*, No. SA:06-CA-380-XR, 2006 WL 1984656, at *2 (W.D. Tex. July 17, 2006) (citing *Mann*, 438 F.2d at 407). Compelling circumstances exist "'where a court determines that a party engaged in bad faith conduct, by inducing an opposing

3

party to delay filing of a lawsuit, so that he could file a preemptive lawsuit.'" *Sirius Computer Sols., Inc. v. Sparks*, 138 F. Supp. 3d 821, 827 (W.D. Tex. 2015) (quoting *Chapa v. Mitchell*, No. A:05-CV-769-N, 2005 WL 2978396, at *2 (W.D. Tex. Nov. 4, 2005)). Defendants have not filed a lawsuit at all, much less in bad faith. Nor did Defendants induce the LULAC Plaintiffs to delay filing their suit. That the Gutierrez Plaintiffs filed first is not attributable to Defendants.

Nor does this Court need to decide whether it or the El Paso court properly has subject-matter jurisdiction before consolidating under the first-to-file rule. The Fifth Circuit has expressly rejected the argument "that the first-to-file rule should include a precondition that requires the district court to find proper jurisdiction in the first-filed court before applying the rule at all." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (remanding with instructions to transfer under the first-to-file rule). "[R]esolving [a jurisdictional] dispute in favor of that court's jurisdiction is never a condition precedent to applying" the first-to-file rule. *Id.* at 605.

In short, the first-to-file rule provides that where two cases "overlap on the substantive issues," they should "typically" be "consolidated in . . . the jurisdiction first seized of the issues." *Sutter*, 125 F.3d at 917 (quoting *Mann*, 439 F.2d at 408 n.6). In that circumstance, consolidation in "the first-filed action is preferred." *Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*, No. 2:19-cv-00266-JRG, 2020 WL 6479562, at *7 (E.D. Tex. Sept. 30, 2020) (quotation omitted). These cases overlap on the substantive issues, and should therefore be consolidated in this Court under the first-to-file rule.

**II.     Rule 42 Supports Consolidation in This Court**

Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate two or more related actions if they involve "a common question of law or fact." These cases satisfy that threshold requirement. They involve numerous common questions, including whether the old maps violate the one-person-one-vote principle, whether the new maps are valid, and whether a federal court can and should order Governor Abbott and Deputy Secretary Esparza to use court-drawn maps.

4

Once that threshold requirement is satisfied, consolidation is discretionary, but "[i]n this Circuit, district judges have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966), *cert. denied*, 386 U.S. 958 (1967)).

Whether to consolidate is guided by five factors: (i) whether the actions were filed in the same court, (ii) whether the actions involve the same parties, (iii) the extent to which the actions involve common questions of law or fact, (iv) the risk of confusion if the actions are consolidated as compared to the risk of inconsistent adjudications if they are not, and (v) the extent to which consolidation will conserve judicial resources. *See Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1531–32 (5th Cir. 1993); *see also Holmes v. City of San Antonio Airport*, No. 5:21-cv-00267, 2021 WL 2878548, at *1 (W.D. Tex. Apr. 26, 2021) (citing *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015)). Courts also consider "whether the cases are at different stages of preparation." *Bryson v. Plaza Oaks BPRE Invs., Inc.*, No. 7:16-cv-029-DAE, 2016 WL 8856641, at *2 (W.D. Tex. Sept. 8, 2016) (citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989)).

Here, each of those factors favors consolidation.

### A. The Actions Were Filed in the Same Court

The first factor asks whether the actions were filed before the same court. It is derived from the rule that cases from different districts may not be consolidated. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (5th ed. 2019); *see also Wion v. Dretke*, No. MO-05-cv-146, 2006 WL 8441507, at *2 (W.D. Tex. July 14, 2006) (citation omitted). If parties wish to consolidate a case from another district, it must first be *transferred* to the home district. *See Mann*, 429 F.2d at 408.

This factor weighs in favor of consolidation because both cases were filed in the Western District of Texas. That they were filed in different divisions makes no difference because the rule requires only that the cases be before the same *district*, not the same *division*. *Wion*, 2006 WL 8441507,

5

at *2 (citing *Santucci v. Pignatello*, 188 F.2d 643, 645 (D.C. Cir. 1951)); *see also Texas v. United States*, No. 6:21-cv-00016, 2021 WL 3171958, at *2 (S.D. Tex. July 26, 2021) (citing *Wharton v. U.S. Dep't of Hous. & Urban Dev.*, No. 2:19-cv-300, 2020 WL 6749943, at *2 (S.D. Tex. Mar. 3, 2020)).

### B.  The Actions Involve Substantially Similar Parties

The second factor asks whether and to what extent the actions involve similar parties. As party overlap increases, so too does the efficiency gained by consolidation. *See, e.g.*, *Samarto v. Keller Williams Realty, Inc.*, No. 1:21-cv-76-RP, 2021 WL 3596303, at *2–3 (W.D. Tex. Apr. 27, 2021) (Pitman, J.) (noting common parties, ordering consolidation); *Raymond v. Invest Props., LLC*, No. SA-20-CV-00965-FB, 2021 WL 725819, at *2–3 (W.D. Tex. Feb. 17, 2021) (same); *compare Brown v. Fort Hood Fam. Hous. LP*, No. 5:20-CV-00704, 2020 WL 10758046, at *2 (W.D. Tex. Sept. 25, 2020) (noting no common parties, denying consolidation).

This factor weighs in favor of consolidation because the actions involve substantially similar parties. The Defendants are identical: Governor Abbott and Deputy Secretary Esparza. True, there are different plaintiffs, but they both purport to represent the interests of minority voters. *See* Ex. A ¶¶ 11–20; ECF 1 ¶ 5.

### C.  The Actions Involve Similar Issues

The third factor asks whether and to what extent the actions involve similar questions of fact or law. Similar to the second factor, as the overlap of factual and legal issues increases, so too does the efficiency gained by consolidation. This is so because where substantially similar cases are not consolidated, discovery and motion practice are "likely to be highly duplicative, which risks unnecessary costs and delay." *Dryshod Int'l, LLC v. Haas Outdoors, Inc.*, No. 1:18-CV-596-RP, 2019 WL 5149860, at *2 (W.D. Tex. Jan. 18, 2019) (Pitman, J.); *see also Samataro*, 2021 WL 3596303, at *3.

This factor weighs heavily in favor of consolidation because the two actions present numerous common issues. Both cases ask the Court to decide whether the old maps are malapportioned. *See* Ex.

A ¶ 105 (alleging the old maps "are unconstitutionally malapportioned"); ECF 1 ¶ 31 (alleging that "[t]he current statewide districting map for the State House and State Senate districts are malapportioned"). In both cases, the plaintiffs challenge to the validity of the new maps. *See, e.g.*, Ex. A ¶ 110); ECF 1 ¶ 41. As a result, both cases will involve the same type of evidence, including demographic data related to the maps. And both cases present questions about whether the Court can and should order Governor Abbott and Deputy Secretary Esparza to use court-drawn maps. *See* Ex. A at 25; ECF 10-2 at 2.

### D. There is Little Risk of Confusion is the Cases are Consolidated, But Great Risk of Prejudice from Inconsistent Adjudications if They are Not

The fourth factor asks the Court to weigh the risk of confusion if the cases are consolidated against the risk and prejudice of inconsistent adjudications if they are not. On the one hand, a jury may improperly blend the issues in a consolidated case. And on the other, the same issue may be inconsistently decided in unconsolidated cases. *See, e.g.*, *Yeti Coolers*, 2015 WL 4759297, at *2; *Lay v. Spectrum Clubs, Inc.*, No. SA-12-CV-00754-DAE, 2013 WL 788080, at *2–3 (W.D. Tex. Mar. 1, 2013).

This factor weighs heavily in favor of consolidation. Inconsistent adjudications would be especially prejudicial in these circumstances. Both sets of plaintiffs ask for court-drawn maps. *See* Ex. A at 25; ECF 10-2 at 2. Needless to say, having two separate sets of court-drawn maps would place Defendants in an untenable position. Courts impose court-drawn maps through injunctive relief, so Defendants would face inconsistent obligations on pain of contempt. This reason alone suffices to justify consolidation. *See Dupont*, 366 F.2d at 196 ("Where prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error"); *Compare Jine v. OTA Corp.*, No. SACV 20-00769, 2020 WL 7129374, at *13–14 (C.D. Cal. Sept. 11, 2020) (multiple plaintiffs sought injunctive relief, ordering consolidation) *with LeGrand v. N.Y. Transit Auth.*, No. 95-cv-0333, 1999 WL 342286, at *5 (E.D.N.Y. May 26, 1999) (no possibility of "inconsistent injunctive relief," denying consolidation).

Similarly, both cases are likely to include similar discovery. Inconsistent resolution of privilege issues, for example, would be especially harmful. If the first court sustained a privilege objection while the second court overruled the same objection, the disclosure required by the second court's ruling would effectively undermine the first court's ruling.

In the end, statewide redistricting cases "call for a uniform result." *Yeti Coolers*, 2015 WL 4759297, at *1 (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011)) (quoting *Sutter*, 125 F.3d at 917).

On the other side of the scale, consolidation poses no risk of confusion or prejudice. Because both complaints raise only equitable claims, there will not be a jury that could be confused by consolidation. To the extent consolidation would pose *any* procedural confusion, it would be greatly outweighed both parties' uniformity interest.

### E. Consolidation Will Conserve Judicial Resources

The fifth and final factor asks whether consolidation will conserve resources and promote judicial economy. Consolidation promotes judicial economy where the related actions will draw from the same witnesses or other sources of discovery, involve similar legal briefing, turn on similar issues of fact or law, or are otherwise able to efficiently proceed together. *Frazier*, 980 F.2d at 1532; *Dryshod*, 2019 WL 5149860, at *2; *RTIC Drinkware LLC v. YETI Coolers, LLC*, No. 1:16-cv-907-RP, 2017 WL 5244173, at *3 (W.D. Tex. Jan. 18, 2017)(Pitman, J.); *Lay*, 2013 WL 788080, at *3.

This factor weighs in favor of consolidation because it will prevent unnecessary litigation. There is no need for two different courts to decide the same redistricting issues, and there is no need or the parties to go through two separate rounds of discovery.

### F. The Actions are at an Early Stage of Development

Some courts also consider whether the actions are at similar stages of development. In this regard, it is efficient to consolidate cases that are both newly filed, or both ready for trial. Likewise, it

is inefficient to consolidate cases that are at starkly different stages in the litigation process. *See, e.g.*, *RTIC Drinkware,* 2017 WL 5244173, at *3 ; *Lay*, 2013 WL 788080, at *3.

This factor weighs in favor of consolidation because both actions are at very early stages of development and were filed only six weeks apart. Further, neither this Court nor the El Paso court has held an initial conference. Nor have the parties in either case started discovery. Consolidation at this early stage does not delay either action or impose any additional logistical concerns.

*   *   *

The cases should be consolidated here, rather than in the *LULAC* case. The "common practice" in the Western District of Texas is "for cases to be consolidated into the first-filed case." *Holmes v. City of San Antonio*, No. 5:21-cv-00274, 2021 WL 2878551, at *2 (W.D. Tex. Mar. 30, 2021).

Moreover, Austin is a more convenient forum for the parties, witnesses, and counsel. None of the institutional LULAC Plaintiffs appears to be headquartered in El Paso, and none claims to be in the complaint. *See* Ex. A ¶¶ 11–20. Many of them routinely litigate in other fora. Indeed, Defendants are currently involved in independent litigation brought by many of the LULAC Plaintiffs—LULAC, LUPE, Mi Familia Vota, the Southwest Voter Registration Education Project, the Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, the William C. Velazquez Institute, and Fiel Houston, Inc.—in San Antonio, which is much closer to Austin than El Paso. *See La Union Del Pueblo Entero v. Abbott*, No. 5:21-cv-0844-XR. The Individual LULAC Plaintiffs allege they reside in Austin, San Antonio, Corpus Christi and Louise, Texas. *See* Ex. A ¶¶ 21–25. Each one of those cities is much closer to Austin than El Paso. Further, each of the four attorneys representing them offices in San Antonio, which is a much shorter distance from Austin than El Paso. Thus, Austin is a far more convenient forum for the Individual LULAC Plaintiffs and their counsel. In any event, consolidation in the Austin Division poses no inconvenience with respect to travel because the Western District has been conducting all proceedings remotely.

## CONCLUSION

Defendants respectfully request that the Court consolidate the *LULAC* matter into this matter.

Date: October 20, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415
\* *Application for Admission Pending*

JACK B. DISORBO
Assistant Attorney General
Tex. State Bar No. 24120804

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I certify that on October 20, 2021, counsel for the Defendants conferred with counsel for Plaintiffs about the foregoing motion. Plaintiffs are opposed to the relief sought.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 20, 2021, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
